# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:06-CV-00273-BES-GWF |
| Plaintiff, | |
| vs. | **ORDER** |
| REINHOLD V. SUMMERSTEDT; DANIEL J. YOUNG; STEPHEN R. NESTOR; and LYNN A. LAKERS, | |
| Defendants. | |

Before the Court is Defendant Reinhold V. Sommerstedt's Motion to Dismiss (#34) filed on June 15, 2006. The Government filed its Brief in Opposition to Defendant Sommerstedt's Motion to Dismiss ("Opposition") (#40) on July 13, 2006. Defendant filed his Reply to United States Government's Brief in Opposition to Defendant's Motion to Dismiss ("Reply") (#41) on July 27, 2006.

## I. BACKGROUND

This case arises out of the Government's efforts to restrain and enjoin Defendant Sommerstedt and three other individuals from organizing and selling tax plans and arrangements that assist customers in the evasion of their federal tax obligations. The government alleges that Defendant promoted the use of sham domestic and foreign trusts to shuttle his customers' income to an offshore bank as part of an effort to conceal the income from the Internal Revenue Service ("IRS"). (Compl. (#1) ¶ 9.) At this stage in the

1  litigation, all three of Defendant Sommerstedt's co-defendants have consented to the entry
2  of permanent injunctions. (Opposition (#40) 3.) Defendant Sommerstedt, however, insists
3  that this Court lacks subject matter jurisdiction on the grounds that the Government is
4  without standing and because the controversy is moot.  (Mot. Dismiss (#34) 8-11.)

## II. ANALYSIS

**A. Standing**

The federal court is one of limited jurisdiction. E.g., Owen Equipment & Erection Co. V. Kroger, 437 U.S. 365, 374 (1978)(stating that "[i]t is a fundamental precept that federal courts are courts of limited jurisdiction.").  The scope of that jurisdiction is defined by Article III of the United States Constitution. Valley Forge Christian College v. Americans united for Separation of Church and State, Inc., 454 U.S. 464, 471 (1982).  Article III ensures that the "judicial power" of the United States extends only to "cases" and "controversies." U.S. Const. art. III, § 2.

Attendant to this Court's obligation to entertain only cases and controversies is its duty to ensure that each party to a particular action has the requisite "standing." Valley Forge, 454 U.S. 471.  If nothing else, this requirement countenances the fundamental doctrinal notion that the judicial power of the United States shall extend only to live controversies wherein the issues presented are sharpened by the advocacy of the parties in interest. Baker v. Carr, 369 U.S. 186, 204 (1962).

As the Supreme Court has noted, "the term 'standing' subsumes a blend of constitutional requirements and prudential considerations . . . ." Valley Forge, 454 U.S. at 471.  In order to satisfy the constitutional elements the litigant must establish (1) that he has suffered an injury-in-fact that reflects "an invasion of a legally protected interest that is concrete and particularized and actual and imminent," Arizonans for Official English v. Arizona, 520 U.S. 43, 64 (1997) (citations omitted); (2) that the injury is traceable to the challenged action of the defendant, Clark v. City of Lakewood, 259 F.3d 996, 1006 (9th Cir.

1  2001); and (3) that the injury can be remedied by a favorable decision, Id..

2    The prudential considerations, on the other hand, generally prohibit a party from
3  raising the claims of other parties not before the court, preclude taxpayers from asserting
4  generalized grievances, and require that claims brought under a particular statute are
5  within the "zone of interest" protected by the statute in question. Valley Forge, 454 U.S.
6  at 474-475.

7  **1.  Sovereignty**

8    The standing requirements outlined above are satisfied where the federal
9  government sues to protect its activities as a sovereign. See Oregon v. Mitchell, 400 U.S.
10 112 (1970) (also reporting the decisions in United States v. Arizona and United States v.
11 Idaho).   Thus, to the extent that the unobstructed collection of tax revenues and the
12 enforcement of the tax laws are considered sovereign acts, the Government has standing
13 to sue here.

14   In Bull v. United States, 295 U.S. 247, 259 (1935), the Supreme Court held that "a
15 tax is an exaction by the sovereign, and necessarily the sovereign has an enforceable
16 claim against every one within the taxable class for the amount lawfully due from him."
17 More recently, in Franchise Tax Bd. of California v. Hyatt, 538 U.S. 488, 498-499 (2003),
18 the Supreme Court noted that "[t]o be sure, the power to promulgate and enforce income
19 tax laws is an essential attribute of sovereignty."

20   Here, 26 I.R.C. § 7408 authorizes the Government to seek an injunction to enforce
21 26 I.R.C. § 6700. Section 6700 provides for the imposition of a penalty against "[a]ny
22 person who . . . organizes . . . any investment plan or arrangement . . . or participates
23 (directly or indirectly) in the sale of any interest in an entity or plan or arrangement . . . and
24 makes or furnishes or causes another person to make or furnish (in connection with such
25 organization or sale) a statement with respect to the allowability or any deduction or credit,
26 the excludability of any income, or the securing of any other tax benefit by reason of

holding an interest in the entity or participating in the plan or arrangement which the person knows or has reason to know is false or fraudulent as to any material matter . . . ." 26 I.R.C. 6700.

It is self-evident that this action is one to enforce the tax laws of the United States, a sovereign enactment. And though it is true that the Government seeks to enforce this provision against a defendant that himself may not owe taxes, this Court concludes that Bull should be read to limit the ability of the United States to bring suits to enforce its sovereign enactments in the tax law context. As such, the Court finds that the statutory authorization of standing is consistent with the requirements of Article III and therefore the Government has standing to sue here.

**B. Mootness**

Apart from Defendant's objections to the Government's standing, Defendant suggests that the controversy presented here is moot. (Mot. Dismiss (#34) 8.) Defendant claims that he ceased the unlawful activities the Government alleges in 2002, (Sommerstedt Declaration ¶ 1), and that as a result there is no present case or controversy regarding the injunctive relief, (Mot. Dismiss (#34) 8).

"Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Los Angeles County v. Davis, 440 U.S. 625, 631 (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)). That notwithstanding, voluntary cessation of illegal conduct does not make a case moot unless (1) there is no reasonable expectation that the wrong will be repeated and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation. Barnes v. Healy, 980 F.2d 572, 580 (citations omitted). The court's authority to grant injunctive relief is not abated by the halting of illegal conduct. Id. (citing United States v. W.T. Grant Co., 345 U.S. 629 (1953)).

1  Defendant's cessation of his activities notwithstanding, this Court cannot conclude
2  that there is no reasonable expectation that the alleged fraudulent activity will not be
3  repeated. At this stage of the litigation, Defendant maintains that he has committed no
4  fraudulent acts and questions the existence of any "such . . . thing as a 'correct tax' . . . ."
5  (Mot. Dismiss (#34) 8.) Defendant's novel position on federal income tax obligations cuts
6  against the conclusion that he would not recommence the alleged fraudulent conduct in
7  the future.

8  Additionally, it appears that Defendant may have ceased promoting the foreign trust
9  conduit scheme in anticipation of IRS inquiries that apparently began sometime in 2003.
10  (Defendant's Declaration ¶¶ 1-19.) Given the Supreme Court's call to treat the
11  abandonment of unlawful activity in anticipation of suit as suspect, see U.S. v. W.T. Grant
12  Co., 345 U.S. at 632 n.5 (citing United States v. Oregon State medical Society, 343 U.S.
13  326, 333 (1952)), this Court finds that the cessation in question does not support the
14  conclusion that this case is moot.

15  Finally, in so much as the Government states in its Opposition that some of the lost
16  tax revenues may never be collected, there is no indication that intervening events have
17  completely eradicated the effects of the violation. Therefore, this Court finds that the
18  controversy presented here is not moot.

### III. CONCLUSION

20  For the foregoing reasons, Defendant's Motion to Dismiss (#34) is DENIED.
21  IT IS SO ORDERED.
22  Dated this 26th day of February, 2007.

_____
UNITED STATES DISTRICT JUDGE