# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | 2:06-cv-00273-RCJ-GWF |
| vs. | ) | |
| | ) | |
| REINHOLD V. SOMMERSTEDT et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

This case is a civil action by the United States of America against four Defendants to permanently enjoin them from acting as federal income tax return preparers or promoting, organizing, or selling tax schemes that advise or assist customers in attempting to evade tax liabilities. Pending before the Court is Defendant Reinhold V. Sommerstedt's Motion for Relief from Filing Certification (ECF No. 217). For the reasons given herein, the Court denies the motion.

**I.    PROCEDURAL HISTORY**

On June 22, 2009, the Hon. Brian E. Sandoval denied Sommerstedt's Motion for Judgment on the Pleadings (ECF No. 155), which he treated as a motion for summary judgment, and he granted Plaintiff's Motion for Summary Judgment (ECF No. 156), issuing a permanent injunction substantially as requested in the Complaint. (*See* Order, June 22, 2009, ECF No. 185). At that point in the litigation, Sommerstedt's co-defendants had already consented to the entry of permanent injunctions against them.

Sommerstedt has filed a Motion for Stay of Execution (ECF No. 188) of the injunction and a Second Motion for More Clarification (ECF No. 193) of the injunction. The Court noted at an April 26, 2010 hearing that those motions were before the Court of Appeals. (*See* ECF No. 215).

On November 11, 2009, Plaintiff filed a Motion for Order to Show Cause (ECF No. 202), asking the Court to hold Sommerstedt in civil contempt for refusing to comply with the injunction order. At the April 26, 2010 hearing, the Court deferred ruling on that motion but ordered Sommerstedt to immediately comply with Judge Sandoval's injunction order. Specifically, he was to file a certification within fifteen days that he had contacted by mail all individuals and entities who purchased his trust plans and arrangements and informed them of the injunction against him. The written order issued on May 24, 2010. (*See* Order, May 24, 2010, ECF No. 216). Sommerstedt has not filed the required certification. On June 8, 2010, he filed the present Motion for Relief from Filing Certification (ECF No. 217).

## II.     LEGAL STANDARDS

A motion to alter or amend a judgment must be made within twenty-eight (28) days of entry of judgment. Fed. R. Civ. P. 59(e). Here, judgment was entered on June 23, 2009, and the present motion was filed on June 8, 2010. Therefore, the motion to reconsider is untimely under Rule 59(e) and should only be considered under Rule 60(b). *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001) ("[A] 'motion for reconsideration' is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e) if it is filed within ten days of entry of judgment.").[1] This rule prevents parties from seeking reconsideration of a judgment based on a court's own alleged errors of law or fact after the time for filing a motion under Rule 59(e) has run by attempting to invoke Rule 60(b), which permits amendment only based on circumstances external to a court's own actions. *See, e.g., Hahn v. Becker*, 551 F.2d 741, 745 (7th

---

[1] On December 1, 2009, the time to file a Rule 59(e) motion was extended to twenty-eight days. *Compare* Fed. R. Civ. P. 59(e) (2009), *with* Fed. R. Civ. P. 59(e) (2010).

Cir. 1977) ("[T]he relief sought by the defendants is correction of errors of law and is not of the type contemplated by Rule 60. As this court has emphasized, it will not permit parties to circumvent the service requirement of Rule 59(e) by merely denominating the motion as one made under Rule 60.").

### III. ANALYSIS

Sommerstedt argues that compliance with Judge Sandoval's and this Court's notification orders ("the Orders") would violate his right against self-incrimination under the Fifth Amendment. He argues that although the Orders only require Sommerstedt to mail copies of the injunction, the act of creating a list of persons to whom he should mail copies of the injunction will itself constitute an incriminating statement, because it would represent a list of potential witnesses who could provide evidence against him in a criminal proceeding. He also argues that it would require him to reveal his thoughts concerning which individuals should receive the notice. He argues that Plaintiff concedes it has no such list, and that his compliance with the order would provide such a list for Plaintiff. He also argues that the act of mailing copies of the injunction would require him impliedly to admit that he engaged in the wrongful conduct described therein.

Plaintiff correctly responds that Sommerstedt's motion for relief falls under Rule 60(b), and that Sommerstedt has not shown any valid reason for relief under that rule. Nor has he even identified which subsection of the rule he believes applies. He has simply attacked Judge Sandoval's June 2009 order nearly a year after the period for compliance or motion for reconsideration expired, as well as attacking this Court's substantively identical order several weeks after the period for compliance expired. In any case, Sommerstedt simply alleges an error of law by the Court, not external circumstances making equitable relief appropriate, and his motion is therefore properly considered as a motion under Rule 59(e), not Rule 60(b). Such a motion is untimely as against either Judge Sandoval's order or this Court's later, similar order. Even if the motion to reconsider were both timely and meritorious on the Fifth Amendment question, it is well-settled that even a clearly unconstitutional court order must be obeyed so long as the issuing court has subject matter

jurisdiction, and that the appropriate way to challenge such an order is not disobedience but appeal. *Walker v. City of Birmingham*, 388 U.S. 307, 314–15 (1967). Sommerstedt has indeed appealed the injunction. But even if the court of appeals ultimately reverses the injunction, this will not rescue Sommerstedt from a finding of contempt for having violated the injunction in the absence of a stay by this Court or the court of appeals. *See id.*

Sommerstedt is therefore properly subject to a contempt finding regardless of the merits of the Fifth Amendment issue, and the Court will not readdress the Fifth Amendment issue at this time for two reasons: (1) when considered as a motion to reconsider, the motion is untimely under Rule 59(e); and (2) the court of appeals has affirmatively rejected a motion to stay the injunction, which is itself before the court of appeals.

In any case, the mailing of copies of the injunction to past clients does not constitute compelled self-incrimination because Sommerstedt has not been ordered to make testimonial statements to the Court, Plaintiff, or anyone else, but only to ameliorate his own fraudulent activities and avoid future fraud by informing past clients of the injunction against him, which is itself a matter of public record. Sommerstedt is not being required to hand over documents to a grand jury that will lead to incriminating evidence. *See United States v. Hubbell*, 530 U.S. 27, 43 (2000). He is being required to notify the victims of his civil wrongs that he has been enjoined from certain activities. The injunction does not require Sommerstedt to create any list, to produce any documents to a grand jury or other investigative body, or to inform the government (or anyone) to whom he will mail the notices. The possibility that such clients may report to the authorities and be questioned in a future criminal case is too attenuated a chain of events to make Sommerstedt's sending them a copy of the injunction "testimonial" for the purposes of the Self-Incrimination Clause. Moreover, mailing the injunction would not constitute a statement of endorsement of the contents of the injunction, as Sommerstedt argues. By this logic, it would constitute a Fifth Amendment violation for a court to require payment of a civil judgment against a defendant in any case where a criminal statute

analogous to the civil cause of action existed, because payment of the judgment would constitute an "admission" of wrongdoing that could be used in a future criminal case. Mr. Sommerstedt may simply include a statement in his mailing that although the injunction is in effect, he is currently appealing the Court's ruling. This will dispel any possibility that a recipient will believe Sommerstedt agrees with the contents of the injunction.

## CONCLUSION

The court of appeals has specifically denied Sommerstedt's motion to stay the injunction. (*See* Ninth Circuit Order 1, Mar. 10, 2010, ECF No. 212). He was and remains bound to comply with it. He refuses to do so.

IT IS HEREBY ORDERED that the Motion for Order to Show Cause (ECF No. 202) is GRANTED.

IT IS FURTHER ORDERED that the Motion for Relief from Filing Certification (ECF No. 217) is DENIED.

IT IS FURTHER ORDERED that Reinhold V. Sommerstedt is held in civil contempt and will be fined $1000 per day from the date of this order until he files an affidavit confirming that he has complied with the notification requirement of the injunction.

Dated this 19th day of October, 2010.

_____
ROBERT C. JONES
United States District Judge